UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEFFREY CARLSEN, )
    Petitioner, )
     )
V. ) CIVIL ACTION NO. 11-11100-RWZ
     )
SHERIFF JAMES V. DIPAOLA, )
    Respondent. )

## MEMORANDUM AND ORDER

ZOBEL, D.J.

On June 13, 2011, Petitioner Jeffrey Carlsen ("Carlsen"), a prisoner in custody at the Billerica House of Correction, in Billerica, Massachusetts, filed two self-prepared pleadings entitled *Ex Parte* Request for Federal Injunctive Relief (Docket Nos. 1 and 2) seeking an immediate hearing on the grounds that his present incarceration is unlawful. Carlsen's pleadings are not entirely clear. The caption of each motion indicates the pleadings are directed to the "Massachusetts Federal Court of Appeal." In one motion he lists the case as Carlsen v. Carlsen, New Hampshire Docket # 2010-0542 (Docket No. 2), while the other motion lists the case as Commonwealth of Massachusetts v. Carlsen (Docket No. 1). From what can be gleaned, however, reading both motions broadly, it appears that Carlsen is challenging his criminal conviction in Massachusetts for violation of a New Hampshire Protective Order.

The relevant background is as follows. In May, 2009, one Carri Carlsen ("Carri") sought an extension of an abuse prevention Protective Order against Carlsen in the Lowell District Court pursuant to Mass. Gen. Laws § 209A, but her request was denied. Thereafter, Carri sought a Protective Order in the State of New Hampshire (Docket No. 2010-0542), because Carlsen allegedly was residing in New Hampshire. The New

Hampshire Court granted the request, and issued a Protective Order on July 16, 2009. That Order was extended on August 4, 2010 to July 2011.

At some point thereafter, Carlsen was charged in Massachusetts with violating the New Hampshire Protective Order. A jury trial was held on July 7, 2011, and he was found guilty. Carlsen states that he has appealed the guilty verdict to the Massachusetts Supreme Judicial Court.

In this action, Carlsen seeks a hearing and injunctive relief in the form of an Order vacating the New Hampshire Protective Order as invalid because the Massachusetts Court refuses to do so, and/or he seeks an Order vacating his Massachusetts criminal conviction. He alleges the New Hampshire Protective Order was void, and therefore his criminal prosecution violated his due process rights. Further, he contends that during the criminal trial, an unauthenticated Protective Order was admitted into evidence, leaving the jury with the impression that there was a valid Protective Order against him.

In the body of his motion, Carlsen seeks to waive the filing fee because he is indigent.

## DISCUSSION

I. <u>Construction of The Pleadings As a Habeas Petition</u>

As a threshold matter, Carlsen does not present his claims formally as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction. Rather, he filed two motions for injunctive relief, generally treated as non-habeas in nature. Nevertheless, the Court considers that he is, in essence seeking

habeas-type relief here notwithstanding that he raises his claims in the context of Motions for Federal Injunctive Relief.[1]

II.   Screening of the Habeas Petition

Under Rule 4(b) of the Rules Governing Section 2254 proceedings, the Court is required to examine a petition, and if it "plainly appears from the face of the motion . . . that the movant is not entitled to relief in the district court," the Court "shall make an order for its summary dismissal."  Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face);  Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition).  A petition for a writ of habeas corpus may also be summarily dismissed if it fails to set forth facts that give rise to a cause of action under federal law.  Marmol v. Dubois, 855 F. Supp. 444, 446 (D. Mass. 1994).

In conducting a review of the habeas petition, the *pro se* pleading is construed generously.  See Hughes v. Rowe, 449 U.S. 5, 9 (1980);  Haines v. Kerner, 404 U.S. 519, 520 (1972);  Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

Here, for the reasons set forth below, this petition is subject to dismissal.

---

[1]Because Carlsen failed to file any habeas petition or Complaint, or the Civil Cover Sheets that provide information as to his cause of action or nature of suit, the Clerk's Office opened this case as a habeas petition pursuant to 28 U.S.C. § 2254. Additionally, Carlsen's motions were not clear as to the identity of the Respondent or Defendant.  Accordingly, the Clerk's Office listed the Respondent as James V. DiPaola, Sheriff of Middlesex County, because he is the proper Respondent in a habeas action (as Carlsen's immediate custodian).

III.   Failure to Exhaust State Remedies

Carlsen has not set forth a cognizable habeas claim because it appears that he has not exhausted his state remedies with respect to his criminal conviction, particularly where he has indicated that he filed an appeal of his conviction and the status of his appeal is unknown.  Exhaustion of state remedies is a prerequisite for habeas relief. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the state...").  See 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").[2]

---

[2]The United States Court of Appeals for the First Circuit has expounded on the exhaustion requirement in the courts of the Commonwealth of Massachusetts, stating that:
> The exhaustion doctrine honors hallowed principles of federal-state comity.  It serves to ensure that the state courts are sufficiently apprised of a federal claim to have a meaningful opportunity to address that claim." Rashad v. Walsh, 300 F.3d 27, 41 (1st Cir.2002).  Consistent with this doctrine, a state prisoner must exhaust available state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A); Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).  In order to exhaust a federal claim, a petitioner must present that claim "fairly and recognizably" to the state courts. Adelson, [v. DiPaola,] 131 F.3d [259] at 262 [1st Cir. 1997].  In other words, he must have tendered the claim "in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." Scarpa, [v. Dubois,] 38 F.3d [1,] at 6 [1st Cir. 1994].  In Massachusetts, the SJC is the highest court in the state system. Thus, exhaustion requires presentation of the claim in question to that court.  Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).

Janosky v. St. Amand, 594 F.3d 39 (1st Cir. 2010) (brackets added).

4

In light of the apparent failure of Carlsen to exhaust available state remedies, it is hereby Ordered that this action shall be dismissed in 21 days from the date of this Memorandum and Order unless he demonstrates in writing that he has, in fact, exhausted all state remedies with respect to all claims, or, in the alternative, shows good cause why he is exempt from the exhaustion requirements under 28 U.S.C. § 2254 (b)(1)(B)(i) or (ii). See Hellman v. Rohling, 2009 WL 4016081 (D. Kan. 2009) (directing petitioner to show cause with respect to the failure to exhaust state remedies).

Failure to comply with the directives contained herein will result in a dismissal of this action.[3]

IV.     The *Ex Parte* Motions for Federal Injunctive Relief

In view of the above discussion, Carlsen's *Ex Parte* Motions for Federal Injunctive Relief (Docket Nos. 1 and 2) are DENIED. Moreover, to the extent that Carlsen seeks non-habeas relief (*e.g.*, a vacation of the New Hampshire Protective Order) this Court lacks jurisdiction to grant the relief requested.[4]

---

[3]Carlsen's request to proceed *in forma pauperis* (contained in the body of his pleadings) is insufficient as he fails to disclose his finances under the penalties of perjury and otherwise comply with the requirements of the *in forma pauperis statute*, 28 U.S.C. § 1915. If this action is permitted to proceed, Carlsen will be obligated to pay the $5.00 filing fee for habeas petitions, or he shall file a Motion for Leave to Proceed *in forma pauperis* disclosing all of his finances, along with his certified prison account statement.

[4]To the extent the New Hampshire case is a pending case, this Court must abstain from judicial review of any pending state court litigation. The federal courts have long recognized the "fundamental policy against federal interference with state criminal proceedings." Younger v. Harris, 401 U.S. 37, 46 (1971); In re Justices of the Superior Court Dept. of the Massachusetts Trial Court, 218 F.3d 11, 16 (1st Cir. 2000). See also Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 237-38 (1984) (federal court abstention from jurisdiction appropriate where "federal claims could have been or could be presented in ongoing state judicial proceedings that concern important state interests."). The Younger abstention doctrine has been applied to other non-criminal proceedings, such as Carlsen's state action. Further, to the extent that Carlsen's state

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. This action shall be dismissed within 21 days of the date of this Memorandum and Order unless Petitioner demonstrates in writing that he has exhausted his state remedies or that his lack of exhaustion is excused pursuant to 28 U.S.C. § 2254 (b)(1)(B)(i) or (ii); and

2. Petitioner's *Ex Parte* Motions for Federal Injunctive Relief (Docket Nos. 1 and 2) are DENIED.

SO ORDERED.

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

DATED: June 22, 2011

---

case is closed, this Court also lacks jurisdiction to review the validity of the New Hampshire order under the Rooker-Feldman doctrine. The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision. See Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994); Exxon Mobil Corp. v. Saudi Basic Industries Corp., Inc., 544 U.S. 280 (2005) (doctrine applies to cases by state court losers seeking review and rejection of state court judgments rendered prior to commencement of federal suit).