UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY CARLSEN,<br>      Petitioner,<br><br>      V.<br><br>SHERIFF JAMES V. DIPAOLA,<br>      Respondent. | )<br>)<br>)<br>)    CIVIL ACTION NO. 11-11100-RWZ<br>)<br>)<br>) |

## MEMORANDUM AND ORDER FOR DISMISSAL

ZOBEL, D.J.

      On June 13, 2011, Petitioner Jeffrey Carlsen ("Carlsen"), a prisoner in custody at the Billerica House of Correction, filed two self-prepared pleadings entitled *Ex Parte* Request for Federal Injunctive Relief (Docket Nos. 1 and 2) seeking an immediate hearing on the grounds that his present incarceration is unlawful.

      On June 22, 2011, this Court issued a Memorandum and Order (Docket No. 4) construing Carlsen's pleadings as a habeas petition pursuant to 28 U.S.C. § 2254 challenging his state court conviction. Additionally, since Carlsen had indicated that he filed an appeal of his conviction, this Court directed him to demonstrate that he had exhausted all available state remedies, and indicated that this action would be dismissed unless he had exhausted his state remedies, or unless he showed good cause why he was exempt from the exhaustion requirements under 28 U.S.C. § 2254(b)(1)(B)(i) or (ii).

      On July 5, 2011, Carlsen filed an Affidavit (Docket No. 5) along with a number of exhibits, including Massachusetts and New Hampshire state court pleadings, general legal treatises on the prosecution and defense of restraining order violations, and full faith and credit for domestic violence protective orders.

In his Affidavit, Carlsen recounts in more detail the allegations set forth in original pleadings, including a history of his divorce from Cari Carlsen, and his issues regarding the lack of child visitation as court-ordered. He also challenges the criminal charges against him for assault and battery on his ex-wife and others stemming from a dispute about child visitation.

Next, Carlsen alleges that he was incarcerated in May, 2010, and then again from October 28, 2010 through January 7, 2011, and then was resentenced on June 7, 2011 to 2 ½ to 4 years.[1] At his June 7, 2011 trial, Carlsen represented himself *pro se* because his previously-appointed defense counsel had been unsuccessful in having the charges dismissed prior to trial.[2] Carlsen again contends that his present confinement is unlawful because his Massachusetts criminal conviction was based on an invalid Protective Order issued from the State of New Hampshire. He also contends he was denied due process during his criminal trial because, *inter alia*, evidence he sought to admit was excluded improperly, and because the prosecutor failed to introduce a valid

---

[1] An exhibit attached to Carlsen's Affidavit outlines the underlying facts more clearly. It appears that Carlsen was arraigned and arrested for 5 violations of an out of state Restraining Order. There had been a restraining order issued in Massachusetts that was dismissed on May 22, 2009. Carlsen's ex-wife Cari Carlson then went to New Hampshire and requested and obtained a Restraining Order on July 16, 2009. Carlsen argued that the Order was granted despite the fact that Cari Carlsen had no ties to New Hampshire and had worked in Massachusetts for the last six years. Carlsen's attorney argued that she had abused the system by circumventing the Massachusetts Court ruling, and in failing to register properly the Order to Massachusetts and its law enforcement agencies. See Exhibit (Docket No. 5-1 at 1-2).

[2] The Trial Court's endorsement on Carlsen's Motion to Reconsider/Motion to Dismiss indicates that the motion was denied because the Massachusetts Court shall give full faith and credit to the Order for protection issued by another jurisdiction, and because the language of Mass. Gen. Laws ch. 209A, § 5A was discretionary. See Exhibit (Docket No. 5-1 at 1).

New Hampshire Order. Further, he alleges that various clerks of the New Hampshire Superior Court improperly modified, back-dated, and forged the New Hampshire Protective Order, and conspired to commit fraud, perjury, and mail fraud in connection with that Order.

An Exhibit attached to the Affidavit indicates that Carlsen filed petitions for relief pursuant to Mass. Gen. Laws ch. 211, § 3, which were denied by judges of the Lowell District Court in February and April, 2011. See Exhibit (Docket No. 5-1 at 21).

On July 11, 2011, Carlsen filed a Show Cause Response (Docket No. 6). In that pleading, he asserts he is challenging both his Massachusetts criminal conviction and the underlying New Hampshire Protective Order. He asserts that he has exhausted his state remedies in both New Hampshire and Massachusetts. He states that although this Court construed this action as a habeas petition, he also seeks relief under Rule 60(b) with respect to the New Hampshire Protective Order. He maintains that, despite this Court's discussion that it lacks jurisdiction to overturn that Order, this Court has jurisdiction because the New Hampshire Court refuses to correct its errors, and the state appellate Court refused to invalidate or void the Superior Court Order. He also argues that abstention is not warranted.

Next, he reasserts his allegations regarding the child visitation disputes and Cari Carlsen's actions. He again states that he was sentenced on June 7, 2011 by Judge Rooney to a term of imprisonment at the Billerica House of Correction.

Finally, attached to his Show Cause Response, was a letter dated June 21, 2011 from the New Hampshire Supreme Court (Docket No. 6-1). That letter indicated that Carlsen had filed a consecutive motion for rehearing or reconsideration, issued after the mandate. Under the New Hampshire Supreme Court Rule 24(4), the pleading would

not be considered or acted upon by that Court, but a petition seeking to reopen would be given a new docket number, and the filing fee for such petition is $205.00.

## DISCUSSION

I.  The Request for Rule 60(b) Relief from the New Hampshire Protective Order

Carlsen's assertions that this Court has jurisdiction to void the New Hampshire Protective Order (which is a final Order in accordance with the New Hampshire Supreme Court), is misplaced. Rule 60(b) of the Federal Rules of Civil Procedure pertains to relief from a judgment or Order entered by a federal court, not a state court. Moreover, as previously noted in the Memorandum and Order (Docket No. 4 at 5-6 n.4), the Rooker-Feldman doctrine bars review of state court judgments if the requested relief would reverse a state court decision or void its holding. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). This is exactly the case here. Further, the request to void the New Hampshire Protective Order seeks non-habeas relief, and may not be raised in the habeas action.[3]

Accordingly, Carlsen's non-habeas claim for relief from the New Hampshire Protective Order is DENIED in any form.

---

[3] A civil non-habeas action requires the filing of a Complaint along with the $350.00 filing fee or an application for a waiver of the filing fee accompanied by a certified prison account statement. Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not obtain a complete waiver of the filing fee, but is obligated to pay the full filing fee (albeit in installments from the prison account), pursuant to the formula set forth in 28 U.S.C. § 1915(b). Thus, Carlsen may not circumvent the filing fee requirements of the PLRA by raising non-habeas claims in this fashion.

4

II.     Carlsen's Habeas Challenge to His Massachusetts Conviction

Although Carlsen's Affidavit and attached Exhibits, and his Show Cause Response shed some light into the background concerning matters leading up to his criminal proceedings, his submissions fail to respond sufficiently to this Court's prior directives concerning exhaustion of state remedies.  Carlsen asserts in his Show Cause Response that he has exhausted both his Massachusetts and New Hampshire remedies; however, he failed to submit any information to support this allegation with respect to his Massachusetts conviction.  Indeed, given the timing of events (*i.e.*, sentencing after trial on June 7, 2011, and filing of this action on June 13, 2011), this Court cannot find that Carlsen has demonstrated sufficiently that he has exhausted his state remedies.  See Janosky v. St. Amand, 594 F.3d 39 (1st Cir. 2010) (exhaustion requires presentation of the claim to the Massachusetts Supreme Judicial Court, as the highest court in the state system).  Thus, on this record, this Court cannot find that Carlsen has set forth cognizable habeas claims upon which relief may be granted.  See 28 U.S.C. § 2253(b)(1)(A).

Accordingly, Carlsen's habeas request is DENIED and this action is DISMISSED for failure to exhaust state remedies.  Should Carlsen seek to renew a habeas claim for release from unlawful incarceration pursuant to 28 U.S.C. § 2254 after he has exhausted his state remedies, he may file a new habeas petition, provided he set forth sufficient background information required by the Rules Governing Habeas Cases Under Section 2254.  In order to assist him, the Clerk shall send Carlsen the standard § 2254 habeas form for completion.  He shall also provide sufficient information demonstrating he has exhausted his state remedies with the Massachusetts Supreme Judicial Court.

Finally, should Carlsen seek to renew a habeas petition, he shall pay the $5.00 filing fee accompanying any petition, or he shall file a Motion for Leave to Proceed *in forma pauperis* accompanied by his certified prison account statement, as required by 28 U.S.C. § 1915.  The Clerk shall also send Carlsen the standard application form.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Carlsen's request for injunctive relief with respect to the New Hampshire Protective Order is <u>DENIED</u>;

2. Carlsen's request for habeas relief with respect to his Massachusetts conviction is <u>DENIED</u> without prejudice for failure to exhaust state remedies; and

3. This action is <u>DISMISSED</u>.

SO ORDERED.

/s/ Rya W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

DATED: July 15, 2011